IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

      Plaintiff,

 v.

DEB GLEASON, et al.,

      Defendants.

ORDER

12-cv-633-wmc

---

DERRICK L. SMITH,

      Plaintiff,

 v.

ROBERT DICKMAN, et al.,

      Defendants.

ORDER

12-cv-741-wmc

---

DERRICK L. SMITH,

      Plaintiff,

 v.

ROBERT DICKMAN, et al.,

      Defendants.

ORDER

12-cv-742-wmc

---

DERRICK L. SMITH,

      Plaintiff,

 v.

ROBERT DICKMAN, et al.,

      Defendants.

ORDER

12-cv-743-wmc

---

| | |
|---|---|
| DERRICK L. SMITH, | ORDER |
| Plaintiff, | |
| v. | 12-cv-952-wmc |
| WARDEN SCHWOCHERT, et al., | |
| Defendant. | |

| | |
|---|---|
| DERRICK L. SMITH, | ORDER |
| Plaintiff, | |
| v. | 12-cv-953-wmc |
| ROBERT (BOB) DICKMAN, | |
| Defendant. | |

| | |
|---|---|
| DERRICK L. SMITH, | ORDER |
| Plaintiff, | |
| v. | 12-cv-954-wmc |
| ROBERT (BOB) DICKMAN, et al., | |
| Defendants. | |

State inmate Derrick L. Smith is the *pro se* plaintiff in each of the above-captioned cases. Smith, who has requested leave to proceed *in forma pauperis* in each of these cases, asks the court to "waive" the filing-fee requirement found in the Prison Litigation Reform Act (the PLRA). Smith also has filed a motion to "temporarily suspend" six of his seven cases for 60 days, pending his transfer to another prison facility. Smith's motion to waive the filing fee requirement will be denied and his request for a 60-day stay will be granted for reasons set forth briefly below.

2

## I. THE PLRA APPLIES TO ALL OF SMITH'S CASES

Smith asks the court to waive the filing fee requirement for each of his cases because he is an indigent prison inmate.[1] The PLRA requires all prisoners who proceed under the federal *in forma pauperis* statutes to pay "the full amount of a filing fee" by installment whenever funds are available. 28 U.S.C. § 1915(b)(1). A reviewing court is required to assess and collect "an initial partial filing fee" at the outset of each civil action or appeal, followed by incremental payments in compliance with 28 U.S.C. § 1915(b)(2), until the full amount of the filing fee is satisfied. Because Smith was incarcerated at the time that he filed the above-captioned cases, the PLRA applies and he must pay the entire filing fee ($350.00) for each complaint that he pursues under the federal *in forma pauperis* statutes.

To date, Smith has received leave to proceed *in forma pauperis* only in civil action 12-cv-633, and he has paid the initial partial filing fee assessed in that case. To the extent that Smith asks this court to waive the initial partial filing fee in all of his other cases, a prisoner may be excused from making such a payment only when his certified inmate trust fund account statement (or institutional equivalent) shows that he "has no assets and no means to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). The court need not decide whether Smith meets that criteria here because he has requested a stay in all but civil action 12-cv-952.

## II. SMITH'S REQUEST FOR A STAY WILL BE GRANTED

Smith also asks the court to stay proceedings in six of his seven cases (12-cv-633, 741,

---

[1] Smith is currently in custody of the Wisconsin Department of Corrections at the Dodge Correctional Institution. Prior to October 2012, Smith was in custody at the Marathon County Jail.

742, 743, 953 and 954) for 60 days, pending his transfer from the Dodge Correctional Institution to another state prison facility. Smith explains that the Dodge Correctional facility serves as the central reception center for all adult male inmates sentenced to a term of imprisonment by the state trial courts. While temporarily housed at Dodge, each inmate undergoes an assessment to determine his specific programming and classification needs within the Wisconsin prison system. Once classification is completed, the inmate is transferred from Dodge Correctional to another prison unit that is equipped to accommodate that inmate's needs.

Smith explains that a stay of up to 60 days is needed because he is currently being held in "Assessment & Evaluation" status. Due to this classification, Smith states that he is allowed only minimal property and limited time outside of his cell. He is not eligible for a prison job or to possess items that are available to other inmates, such as a radio or televison set. Smith states further that he has limited access to the law library, which has restricted his ability to conduct research and draft pleadings in his cases. Smith anticipates that he will be transferred from Dodge Correctional to another facility within 60 days and that he will be able to pursue all of his cases after he "gets settled."

The court will grant Smith's request for a limited stay of 60 days and will administratively close the following cases: 12-cv-633, 741, 742, 743, 953 and 954. Smith must advise the court in writing whether he wishes to re-open these cases. A failure to request reopening of a case within that time will result in its dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b).

In electing to re-open some or all of his many, pending lawsuits, Smith may wish to

4

proceed with care. Without expressing any opinion on the merits of his various lawsuits, Smith should heed the restrictions imposed by the PLRA. First, the PLRA requires this court to screen his complaints and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted (including a failure to exhaust all state administrative remedies) or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A(b). Second, the payment of any or all of the filing fee does not prevent dismissal of his complaint under § 1915A(b). Third, if Smith's case is dismissed for any reason under § 1915A(b), he must still pay the entire filing fee. Fourth, when a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

For all these reasons, the court would encourage plaintiff to examine the merits of each lawsuit before asking the court to reopen it.

ORDER

IT IS ORDERED that:

1. Smith's motion to waive the PLRA filing fee requirement is DENIED.

2. Smith's motion to temporarily suspend or stay 12-cv-633, 741, 742, 743, 953 and 954 is GRANTED. The Clerk's Office will ADMINISTRATIVELY CLOSE these cases for 60 days.

3. To re-open any of his closed cases (12-cv-633, 741, 742, 743, 953 and 954),

Smith must notify the court in writing within 60 days. Smith must also comply with the Prison Litigation Reform Act (the PLRA), which requires inmates to pay by installment the full amount of the filing fee, by including a new certified inmate trust fund account statement that comports with 28 U.S.C. §1915(b).

**4. Smith is advised that, if the court hears nothing from him within 60 days, then 12-cv-633, 741, 742, 743, 953 and 954 may be dismissed pursuant to Fed. R. Civ. P. 41(b).**

Entered this 30th day of January, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge