IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

      Plaintiff,

 v.

DEB GLEASON, et al.,

      Defendants.

ORDER

12-cv-633-wmc

---

DERRICK L. SMITH,

      Plaintiff,

 v.

ROBERT DICKMAN, et al.,

      Defendants.

ORDER

12-cv-741-wmc

---

DERRICK L. SMITH,

      Plaintiff,

 v.

ROBERT DICKMAN, et al.,

      Defendants.

ORDER

12-cv-742-wmc

---

DERRICK L. SMITH,

      Plaintiff,

 v.

ROBERT DICKMAN, et al.,

      Defendants.

ORDER

12-cv-743-wmc

DERRICK L. SMITH,

          Plaintiff,

v.

WARDEN SCHWOCHERT, et al.,

          Defendant.

ORDER

12-cv-952-wmc

---

DERRICK L. SMITH,

          Plaintiff,

v.

ROBERT (BOB) DICKMAN,

          Defendant.

ORDER

12-cv-953-wmc

---

DERRICK L. SMITH,

          Plaintiff,

v.

ROBERT (BOB) DICKMAN, et al.,

          Defendants.

ORDER

12-cv-954-wmc

---

In the last four months of 2012, state inmate Derrick L. Smith filed seven civil actions pursuant to 42 U.S.C. § 1983, each of which concern the conditions of his confinement at the Marathon County Jail and the Dodge County Correctional Institution. On January 30, 2013, the court granted Smith's motion to suspend or stay the above-referenced cases for 60 days pending his transfer to a different prison facility. In that same order, the court advised Smith that each complaint was subject to screening under the Prison

Litigation Reform Act, 28 U.S.C. § 1915A, and cautioned him to proceed with care. Smith was instructed to notify the court in writing <u>and</u> to supply a certified copy of his inmate trust fund account statement within 60 days if he wished to re-open any or all of the above-referenced cases. He was also warned that any failure to comply as directed would result in dismissal pursuant to Fed. R. Civ. P. 41(b).

To date, Smith has still not complied as directed with the court's order. Instead, he has requested additional time. On April 5, 2013, Smith filed a second motion for a 60-day continuance in the above-referenced cases. As grounds for an extended stay, Smith pointed to his recent assignment to the Columbia Correctional Institution (CCI) in early February. On February 19, 2013, officials at CCI advised Smith to apply for a new "legal loan" to pursue all seven of his cases under the Wisconsin Department of Corrections' policy of advancing funds to indigent litigants. *See* Wis. Stat. § 301.328(1m).

On May 31, Smith advised the court that he is still waiting for prison officials at CCI to approve a legal loan for all seven of his pending cases, but fails to indicate whether he actually applied again as instructed. Even more to the point, Smith has yet to provide the court with a certified copy of his inmate trust fund account statement for the past six months. Nevertheless, Smith asks the court to suspend consideration of his cases and requests a third continuance of 60 to 90 days. That request will be denied.

In the interest of judicial economy and the efficient use of scarce resources, the court cannot stay cases indefinitely. The court will grant Smith **ten days** to respond to this order by filing a written statement indicating which, if any, of the above-referenced cases he wishes to pursue, keeping in mind the court's earlier admonition as to the apparent duplication of

3

his claims. That statement *must* be accompanied by a certified copy of his inmate trust fund account statement for the past six months in compliance with 28 U.S.C. 1915(b). No further extensions will be granted. Smith's failure to comply as directed within the time allowed will result in its dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b).

IT IS ORDERED that:

1. Smith's motion to temporarily suspend or stay 12-cv-633, 741, 742, 743, 952, 953 and 954 is DENIED.

2. If he intends to pursue any of his closed cases (12-cv-633, 741, 742, 743, 952, 953 and 954), Smith must submit a new certified inmate trust fund account statement that comports with 28 U.S.C. §1915(b) and the written statement that is called for in this order. No further extensions will be granted. **If Smith fails to comply as directed within ten days, then his closed cases (12-cv-633, 741, 742, 743, 952, 953 and 954) will be dismissed pursuant to Fed. R. Civ. P. 41(b).**

Entered this 4th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge