IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

       Plaintiff,                          ORDER

       v.                                 12-cv-633-wmc

DEB GLEASON, *et al.*,

       Defendants.

---

DERRICK L. SMITH,

       Plaintiff,                          ORDER

       v.                                 12-cv-741-wmc

ROBERT DICKMAN, *et al.*,

       Defendants.

---

DERRICK L. SMITH,

       Plaintiff,                          ORDER

       v.                                 12-cv-742-wmc

ROBERT DICKMAN, *et al.*,

       Defendants.

---

DERRICK L. SMITH,

       Plaintiff,                          ORDER

       v.                                 12-cv-743-wmc

ROBERT DICKMAN, *et al.*,

       Defendants.

DERRICK L. SMITH,

    Plaintiff,          ORDER

   v.             12-cv-952-wmc

WARDEN SCHWOCHERT, *et al.*,

    Defendants.

DERRICK L. SMITH,

    Plaintiff,          ORDER

   v.             12-cv-953-wmc

ROBERT DICKMAN, *et al.*,

    Defendants.

DERRICK L. SMITH,

    Plaintiff,          ORDER

   v.             12-cv-954-wmc

ROBERT DICKMAN, *et al.*,

    Defendants.

DERRICK L. SMITH,

    Plaintiff,          ORDER

   v.             13-cv-387-wmc

WARDEN MICHAEL MEISNER, *et al.*,

    Defendants.

State inmate Derrick L. Smith has filed eight civil actions pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Marathon County Jail, the Dodge County Correctional Institution, and the Columbia Correctional Institution.  He requests leave to proceed *in forma pauperis* in each case and has supplied a certified copy of

his inmate trust fund account statement.    After considering Smith's request and supporting documentation, the court concludes that he qualifies for indigent status for reasons set forth briefly below.

Because plaintiff is incarcerated, his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals.   The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee.   To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1).

According to the formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint.   Thereafter, he shall be required to make monthly installment payments from his trust fund account.   *See* 28 U.S.C. § 1915(b)(2).   Using information for the relevant time period from Smith's trust fund account statement, the court will impose an initial, partial fee payment $2.40, which is based on 20% of his average monthly deposits.

The court notes that Smith has requested a stay of 60 to 90 days in all eight of his cases.   As explained previously, the court cannot stay cases indefinitely.   However, the court will allow plaintiff a short, additional period to remit his initial partial filing fee. In

that respect, plaintiff must submit an initial partial filing fee of $2.40 in each case on or before September 9, 2013.  **No further extensions of time will be granted without good cause shown.**


ORDER

IT IS ORDERED that:

1.  The motion filed by plaintiff Derrick Smith for leave to proceed without prepayment of fees is GRANTED.

2.  Plaintiff is assessed $2.40 as an initial, partial payment of the $350 fee for filing each of his civil actions (Case Nos. 12-cv-633, 741, 742, 743, 952, 953, 954 and 13-cv-387) as an indigent litigant.

3.  Plaintiff's motion to stay or temporarily suspend his cases is DENIED.

4.  He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $2.40 in each case on or before September 9, 2013.   **Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and these cases will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a).**

5.  No further action will be taken in any of these cases until the court receives plaintiff's initial partial filing fee as directed above and the court has screened his complaints as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue as soon as

practicable depending on the demands of this court's heavy docket.

Entered this 12th day of August, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5