IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DERRICK L. SMITH,

    Plaintiff,                                                                                                      OPINION AND ORDER

    v.

| | |
|---|---|
| DEB GLEASON, *et al.*, | 12-cv-633-wmc |
| ROBERT DICKMAN, *et al.*, | 12-cv-741-wmc |
| ROBERT DICKMAN, *et al.*, | 12-cv-742-wmc |
| ROBERT DICKMAN, *et al.*, | 12-cv-743-wmc |
| WARDEN SCHWOCHERT, *et al.*, | 12-cv-952-wmc |
| ROBERT DICKMAN, | 12-cv-953-wmc |
| ROBERT DICKMAN, *et al.*, | 12-cv-954-wmc |
| WARDEN MEISNER, *et al.*, | 13-cv-387-wmc |
| PAUL MERGENDAHL, *et al.*, | 13-cv-591-wmc |
| PAUL MERGENDAHL, *et al.*, | 13-cv-644-wmc |
| PAUL MERGENDAHL, *et al.*, | 13-cv-645-wmc |
| MELEE THAO, *et al.*, | 13-cv-646-wmc |
| DANIEL SNYDER, *et al.*, | 13-cv-647-wmc |
| VINCENT HOWARD, *et al.*, | 13-cv-658-wmc |
| DAVE (JOHN DOE) NURSE, *et al.*, | 13-cv-670-wmc |
| PAUL MERGENDAHL, *et al.*, | 13-cv-671-wmc |

    Defendants.

Since mid-2012, plaintiff Derrick L. Smith has filed sixteen lawsuits in this district pursuant to 42 U.S.C. § 1983. Smith was granted permission to proceed without prepayment of fees and costs in each of these cases; he paid an initial, partial filing fee in most of them as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). The PLRA also requires a court to screen every complaint filed by a prisoner and dismiss any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who, by law, is immune from such relief. *See* 28 U.S.C. § 1915A. Once a prisoner has garnered three "strikes" or

dismissals for filing frivolous actions or appeals while incarcerated, the PLRA bars him from proceeding without prepayment of the entire filing fee "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (otherwise known as the "three-strikes" rule).

As outlined below, Smith has already accumulated at least four strikes for purposes of the three-strikes rule found in 28 U.S.C. § 1915(g), including one issued previously in *Smith v. Grams et al.*, Case No. 09-cv-387-bbc (W.D. Wis. Feb. 4, 2010), *appeal dism'd*, No. 10-1454 (7th Cir. July 12, 2010). Indeed, Smith has become a cottage industry of overlapping, vague and mostly frivolous litigation. It is past time for this to stop and an additional sanction will now be imposed in an attempt to do so, by summarily rejecting Smith's last four cases subject to initial screening and his motion for temporary restraining order.

BACKGROUND[1]

The plaintiff, Derrick L. Smith, has an extraordinarily lengthy record of criminal convictions from Marathon County, Wisconsin, dating back to at least 1996, that is too varied and lengthy to list. As a result, Smith has been an all too frequent guest of the Marathon County Jail, as well as the state prison system

On June 5, 2012, Smith was taken into custody at the Marathon County Jail after being charged with several, new felony offenses in Marathon County Case No. 2012CF386, including: first-degree sexual assault with a dangerous weapon; substantial battery intending

---

[1] At the outset, the court will briefly summarize Smith's background, the status of his cases screened to date, and those cases still-pending before this court. The court has supplemented the sparse allegations in these complaints with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 25, 2013).

bodily harm; strangulation and suffocation (two counts); false imprisonment; and victim intimidation by use or attempted use of force. Smith was also charged with violating the terms of his supervised release from one or more of his previous sentences of imprisonment. Smith remained in custody at the Marathon County Jail until October 2012, when his parole was revoked.

Eight of Smith's pending lawsuits in this court stem from the alleged conditions of his confinement at the Marathon County Jail from June through October 2012 (Case Nos. 12-cv-633, -741, -742, -953, and 954) or his revocation proceeding (Case Nos. 12-cv-743, 13-cv-647 and -658). Following the revocation of his parole and return to state prison in October 2012, Smith was transferred from the Marathon County Jail to the Dodge Correctional Institution ("DCI"), the latter run by the Wisconsin Department of Corrections ("WDOC"). In February 2013, Smith was assigned to the Columbia Correctional Institution ("CCI"). Two of Smith's lawsuits concern the conditions of his confinement at DCI and CCI, (Case Nos. 12-cv-952 and 13-cv-387 respectively).

On August 6, 2013, Smith was released from state prison on extended supervision. Because a detainer was pending against him from Marathon County, Smith was returned to custody at the Marathon County Jail, where he currently awaits trial in Case No. 2012CF386. Six of Smith's most recent barrage of lawsuits concern the conditions of his confinement at the Marathon County Jail in August 2013 (Case Nos. 13-cv-591, -644, -645, -646, -670, and -671).

On September 30, 2013, Smith also filed a motion for an "emergency" temporary restraining order or preliminary injunction, among other things, against "all named defendants" in nine of his cases (Case Nos. 12-cv-633, -741, -742, -743, -952, -953, -954, 13-

3

cv-387 and -591), although that vaguely worded motion does not seem to pertain to any of those previously-filed cases.

## SCREENING SUMMARY

After considering all of Smith's pleadings under the lenient standard that applies to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), the court has dismissed twelve of the proposed complaints during the screening process required by the PLRA, 28 U.S.C. § 1915A. Four of Smith's cases have been dismissed outright as frivolous or for failure to state a claim upon which relief has been granted (Case Nos. 12-cv-742, -743, 13-cv-647 and -658). Two of the complaints have been dismissed for failure to exhaust administrative remedies before filing suit as required by the PLRA, 42 U.S.C. § 1997a(a) (Case Nos. 12-cv-952 and 13-cv-387). Six of the complaints have been dismissed for failure to provide a "short and plain statement" of the claim as required by Fed. R. Civ. P. 8 and/or for improperly joining multiple claims and defendants in violation of Fed. R. Civ. P. 18 and 20 (Case Nos. 12-cv-633, -741, -953, -954, 13-cv-591 and -645). With respect to this last category of cases, the court has granted leave to amend to comply with the federal pleading rules, subject to further screening under the PLRA.

## CASES THAT REMAIN PENDING

Four other cases currently remain for screening. The complaints in those four cases (Case Nos. 13-cv-644, -646, -670 and -671) are summarized briefly below, along with the six others in which the court has granted leave to amend.

4

1.  Cases Dismissed With Leave to Amend

*Smith v. Gleason et al.*, **Case No. 12-cv-633**

In Case No. 12-cv-633, Smith filed suit against the following individuals who are employed at the Marathon County Jail: Supervisor Deb Gleason; Administrator Bob Dickman; Supervisor Cary Pellowski; Supervisor Sheila Jane Doe; Supervisor John Doe Schaffer; Officer William Beaudry; Officer Denny Woodward; and Officer Danell Jane Doe. Smith's complaint raises the following assortment of claims: (1) he was subjected to sensory deprivation as an arbitrary and unjustified form of discipline; (2) staff have ignored his complaints of pain due to a collapsed lung and a degenerative bone condition; (3) he was denied access to courts while on "lockdown status" when all of his personal property was taken; and (4) he was denied access to the law library and his requests for copies, postage and forms have been denied.

Smith has been denied leave to proceed because his vague pleading failed to provide sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. In addition, the complaint was dismissed for violating Fed. R. Civ. P. 18 and 20 by improperly joining unrelated claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Smith has been granted leave to re-file an amended complaint, provided that he complies with these federal pleading rules.

*Smith v. Dickman, et al.*, **Case No. 12-cv-741-wmc**

In Case No. 12-cv-741-wmc, Smith has filed suit against the following defendants, who are employed at the Marathon County Jail: Administrator Bob Dickman; Supervisor Deb Gleason; Physician's Assistant Melee Thao; two John Doe Nurses and Nurse Jane Doe. Smith contends that Dickman has blocked his access to courts by maintaining an inadequate

5

law library at the Jail. In addition, Smith claims that Gleason has denied him access to medical care by refusing to forward his requests for treatment to the Jail infirmary. Finally, Smith alleges that "jail medical staff" has refusing to promptly and adequately treat his medical conditions (degenerative bone disease, carpal tunnel syndrome, diabetes, aftercare for collapsed right lung, and a damaged right eye).

Smith has been denied leave to proceed because his vague pleading failed to provide sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. In addition, the complaint was dismissed for violating Fed. R. Civ. P. 18 and 20 by improperly joining unrelated claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Smith has been granted leave to re-file an amended complaint, provided that he complies with these federal pleading rules.

*Smith v. Dickman*, **Case No. 12-cv-953**

In Case No. 12-cv-953, Smith sues Administrator Bob Dickman of the Marathon County Jail for violating his right to receive adequate mental health care. Smith, who suffers from anxiety, depression and insomnia, maintains that Marathon County Jail staff has been aware of his mental health care needs since 2000. Although Smith was previously allowed to keep standing appointments with a private therapist, Dickman changed the policy in 2012. Smith also contends that "on many occasions" Dickman allowed jail staff to place him in disciplinary confinement without psychiatric monitoring, which caused his mental health to "worsen." Finally, Smith contends that he has a skin condition that requires him to shave, but that Dickman eliminated a jail policy of providing inmates with razors to shave with. Between June and October 2012, Smith was only allowed to shave sporadically, which caused his skin to break out and become "permanently scarred."

Smith has been denied leave to proceed because his vague pleading failed to provide sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. Smith has been granted leave to re-file an amended complaint, provided that he complies with federal pleading rules by providing a short and plain statement in support of each claim for relief.

*Smith v. Dickman, et al.*, Case No. 12-cv-954

In Case No. 12-cv-954, Smith filed another lawsuit against Marathon County Jail Administrator Bob Dickman as well as an assortment of John and Jane Doe defendants employed as correctional officers and supervisors at the Jail. On June 5, 2012, Smith was taken into custody of the Marathon County Jail on a probation hold and new criminal charges in Marathon County Case No. 2012CF386. Shortly after he arrived at the Jail, Smith began receiving threats from other inmates, whom he describes as "young gang bangers." Smith reported the threats to officers (Tully, Danelle, Woolworth, and a John Doe) who said there was "nothing they could do." Smith reported the threats to other John or Jane Doe officers, who said that they would tell their supervisors, but Smith received no response. Smith alerted Dickman of the threats against his safety by filing a grievance, but nothing was done. On July 25, 2012, Smith was "attacked by 1 to 3 inmates in the Jail." Smith was transported to the hospital, where he was treated for a collapsed right lung and a damaged right eye.

Smith has been denied leave to proceed because his vague pleading failed to provide sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. In particular, Smith did not articulate sufficient facts showing which, if any, of the defendants knew of a specific, imminent threat to Smith's safety from the inmates who attacked him, but ignored a substantial risk to his safety with deliberate indifference to that risk. Smith has been granted

leave to re-file an amended complaint, provided that he complies with federal pleading rules by providing a short and plain statement in support of his claim for relief.

*Smith v. Mergendahl, et al.*, **Case No. 13-cv-591**

In Case No. 13-cv-591, Smith sues the following individuals employed at the Marathon County Jail: Administrator Paul Mergendahl; Physician's Assistant Melee Thao; several "John Doe Guards"; "John [and] Jane Doe Medical Staff." On August 6, 2013, Smith was admitted to the Marathon County Jail following his release from state prison onto extended supervision. Smith promptly began submitting requests for medical care for: (1) "incapacitating neck pain" from a degenerative bone condition; (2) unstable blood sugar due to Type II Diabetes; (3) "intense" chest pain from a 9 millimeter bullet and its fragments moving around in his chest; (4) blood in his stool; (5) pain from carpal tunnel syndrome in both hands; (6) "skin breaking out" on his "head, face, chest, arm [and] back leaving permanent scars [and] pain." Although Smith was examined by P.A. Thao, he contends that "very little to NOTHING" has been done about his medical problems by jail staff. In addition to his complaints about inadequate care, Smith complains that: (1) his medication was lost or stolen from among the personal property that was shipped to the Marathon County Jail from state prison; (2) he was given medication at the Jail "of a different shape and size" from his previous prescriptions, which made him dizzy and sick to his stomach; (3) he was denied a "change of jail uniform" on August 13, 2013; (4) he fell out of the top bunk injuring his head and neck due to negligent design of the Jail's bunk beds; (5) jail guards placed him in an "unclean, bloody cell" for the purpose of inflicting "psychological torture."

Smith has been denied leave to proceed because his vague pleading failed to provide sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. In addition, the

complaint was dismissed for violating Fed. R. Civ. P. 18 and 20 by improperly joining unrelated claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Smith has been granted leave to re-file an amended complaint, provided that he complies with these federal pleading rules.

*Smith v. Mergendahl, et al.*, **Case No. 13-cv-645**

In Case No. 13-cv-645, Smith sues Marathon County Jail Administrator Paul Mergendahl, Danille Gray, and other John Doe "jail guards." Smith contends that his medication was lost during his transport from state prison to the Marathon County Jail in August 2013. Although he was given medication by medical personnel at the Jail, Smith contends that the shape and size of his pills were different so he refused to take them, insisting that has been denied his prescribed medication. Smith contends further that he was attacked by 3 Hmong inmates on August 20, 2013, and then refused adequate medical care for a black eye, fractured ribs and "other injuries" that he does not describe. Smith claims that he was examined by a "Jane Doe (older) Nurse" who performed only a superficial examination before declaring that he was "fine." Smith reported the assault to Mergendahl later that day and requested medical care, but Mergendahl never got back to him. In addition, Smith contends that "jail staff" was aware of threats to his safety but did nothing to prevent the attack.

Smith has been denied leave to proceed because his vague pleading failed to provide sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. In addition, the complaint was dismissed for violating Fed. R. Civ. P. 18 and 20 by improperly joining unrelated claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, the complaint repeats allegations made previously in Case No. 13-cv-

9

591. Smith has been granted leave to re-file an amended complaint, provided that he complies with these federal pleading rules.

### 2. Cases That Remain to be Screened

*Smith v. Mergendahl, et al.*, Case No. 13-cv-644

In Case No. 13-cv-644, Smith sues Marathon County Jail Administrator Paul Mergendahl, Nurse Carrie Jane Doe and Physician's Assistant Melee Thao. Smith contends that "most" of the bunk beds at the Jail are defective because the top bunk lacks a bar to keep inmates from falling out. On an unspecified date, Smith fell from the top bunk in his assigned cell (block C, cell #6), striking his head and neck on a box full of books and legal documents. He injured his back and tailbone hit the concrete floor. It took 20 to 30 minutes before "Nurse Carrie" and two guards arrived. Suffering an "excruciating headache," "intense back pain" and dizziness, Smith claims that he was placed in a "dirty BLOOD soaked" observation cell and only given over-the-counter medication for his pain. Smith contends that the Jail Administrator knew the bunk beds were unsafe but did nothing to correct the problem. Smith contends further that Nurse Carrie violated his constitutional rights by not sending him to a local emergency room for x-rays and additional evaluation. Smith reports that P.A. Thao "flat out" refused to treat him at all.

For reasons described further in the opinion below, Smith will not be granted leave to proceed with this complaint because it is vague in several key respects and does not articulate sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. Moreover, the complaint repeats allegations made previously in Case No. 13-cv-591.

*Smith v. Thao et al.*, **Case No 13-cv-646**

In Case No. 13-cv-646, Smith sues Physician's Assistant Melee Thao and "Other Marathon County Jail Medical Staff," specifically naming Nurse Carrie Doe, Nurse Jenny Doe, and Nurse Dave Doe.  He alleges that he was denied adequate medical care from injuries sustained when he was attacked by 3 Hmong inmates at the Jail on August 20, 2013.

For reasons described further in the opinion below, Smith will not be granted leave to proceed with this case because the complaint is vague in several key respects and does not articulate sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8.  Moreover, the complaint repeats allegations made previously in Case No. 13-cv-591 and 13-cv-645.

*Smith v. Dave (John Doe) Nurse, et al.*, **Case No. 13-cv-670**

In Case No. 13-cv-670, Smith sues Marathon County Jail Medical Staff, including Nurse Dave Doe, Supervisor Deb Gleason, a guard (Sean Blaschka) and "Other Jail Staff." Smith explains that he was treated by Dr. Johnson at the local hospital emergency room following an assault by "3 gang-banging inmates" that occurred on August 20, 2013. Upon his return to the Marathon County Jail, Smith was placed in a medical observation cell with "four white walls, a concrete bunk, toilet and sink."  Smith complains that he had done nothing wrong to be placed in that cell and that his privileges were taken away without due process.  Nurse Dave explained to Smith that he was placed in that cell for a few days so that the medical staff could collect some stool samples.  Smith, who had complained about blood in his stool, contends that Nurse Dave improperly changed the way his doctor had ordered the stool samples to be collected and subjected him to "sensory deprivation" for the purpose of torturing him.  Smith claims that Gleason ignored his repeated requests for help.  Smith claims that Officer Blaschka threatened to spray him with pepper spray if he did not stop

11

yelling. Smith complains that "other jail staff" laughed at him. So that he could return to his old cell, Smith signed a waiver stating that he was refusing medical care. Smith demands an emergency injunction suspending "all defendants [*sic*] medical license and ability to practice in the medical field."

For reasons described further in the opinion below, Smith will not be granted leave to proceed with this case because the complaint is vague and does not articulate sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. Moreover, the complaint repeats allegations made previously in Case No. 13-cv-591, 13-cv-645 and 13-cv-646.

*Smith v. Mergendahl, et al.,* **Case No. 13-cv-671**

In Case No. 13-cv-671, Smith sues Marathon County Jail Administrator Paul Mergendahl, John and Jane Doe Jail Supervisor, the "Marathon County Jail Medical Staff," Marathon County Sheriff Scott Parks, and Marathon County Corporation Counsel Scott M. Corbett. Smith lists the following issues: (1) all defendants have intentionally disregarded Wisconsin law and administrative codes on "sanitation [and] hygiene"; (2) Mergendahl is responsible for maintaining an inadequate Jail law library; (3) Smith has been diagnosed with folliculitis (a skin condition involving infected hair follicles, which is aggravated by shaving); (4) Dr. Johnston (of the "Wausau Family Practice Clinic") reportedly "ordered" officials at the jail to allow Smith to shave with a razor, but "they" would not authorize Smith to have a razor, which is aggravating his skin condition.

For reasons described further in the opinion below, Smith will not be granted leave to proceed because the complaint is vague and does not articulate sufficient facts to state a claim in compliance with Fed. R. Civ. P. 8. In addition, Smith clearly attempts to join unrelated claims against multiple defendants in violation of Fed. R. Civ. P. 18 and 20. *See*

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, the complaint repeats allegations made previously in Case Nos. 12-cv-953 and 13-cv-591.

## OPINION

As the summary above shows, Smith's remaining complaints subject to screening filed in Case Nos. 13-cv-644, -646, -670, and -671 are characteristically void of sufficient facts to satisfy Fed. R. Civ. P. 8. The complaint in Case No. 13-cv-671 also would improperly join random, unrelated claims against multiple defendants in violation of Fed. R. Civ. P. 18(a) and 20(a). *See George*, 507 F.3d at 607. These complaints also contain overlapping, repetitive allegations that duplicate claims presented previously in other lawsuits. Repetitive allegations are considered malicious and are grounds for dismissal under the PLRA. *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983) (noting that it is "malicious" for a pro se litigant to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff) (citations omitted).

Smith's pending motion for a temporary restraining order or preliminary injunction filed in Case Nos. 12-cv-633, -741, -742, -743, -952, -953, -954, 13-cv-387 and -591, is another example of a pleading that is impossibly vague. Moreover, the conclusory allegations in Smith's motion are untethered to the merits of any of his underlying complaints and he makes no attempt to meet the threshold requirements for preliminary injunctive relief. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Accordingly, this motion will be summarily denied.

Smith is further advised that it is also within the inherent power of every federal court to sanction vexatious litigants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 540-54 (1991). In that respect, the courts are obligated to allocate their resources so as to assure that the interests of justice are served and the courthouse doors remain open to all, not simply to the relentless. *See In re McDonald*, 489 U.S. 180, 184 (1989); *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc) (per curiam); *Ruderer v. Fines*, 614 F.2d 1128, 1130-32 (7th Cir.1980); *see also Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Sanctions imposed pursuant to a district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003).

Because Smith has now incurred more than three-strikes for filing frivolous lawsuits, he is already precluded from proceeding without prepayment of the entire filing fee ($400) in any future civil action or appeal unless he demonstrates that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For reasons explained above, the court concludes that Smith's conduct in filing numerous unfocused complaints with overlapping, duplicative claims qualifies as vexatious. In that respect, the court has already admonished Smith to "proceed with care" when considering whether to pursue his many lawsuits. *See Order* dated January 30, 3013, Case No. 12-cv-633 (dkt. # 13).

Having failed to heed that admonition, Smith is warned that he risks additional sanctions, including monetary penalties, if he continues to abuse scarce judicial resources with vague, repetitive filings of dubious merit. *See United States v. Robinson*, 251 F.3d 594,

595 (7th Cir. 2001) (answering the question of what to do with a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions).

## ORDER

IT IS ORDERED that:

1. Plaintiff Derrick L. Smith's requests for leave to proceed in Case Nos. 13-cv-644, -646, -670 and -671 are DENIED and the complaints are DISMISSED as malicious under 28 U.S.C. § 1915A(b).

2. A STRIKE will be entered in Case Nos. 13-cv-644, -646, -670 and -671 for purposes of 28 U.S.C. § 1915(g).

3. Smith's motion for a temporary restraining order or preliminary injunction in Case Nos. (Case Nos. 12-cv-633, -741, -742, -743, -952, -953, -954, 13-cv-387 and -591) is DENIED.

4. Plaintiff is WARNED that he will face additional sanctions, including monetary penalties, if he continues to abuse scarce judicial resources with repetitive filings.

Entered this 26th day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge